UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**THOMAS S. STANG**                               CIVIL ACTION NO.

**VERSUS**                                        23-239-BAJ-EWD

**RON A. AUSTIN, ET AL.**

## RULING AND ORDER

Before the Court is the Joint Motion to Stay,[1] filed by Jeffrey P. Green, Esq, JJC Law LLC, AXIS Insurance Company, Ron A. Austin, Ron Austin Law, LLC, and Continental Casualty Company (collectively "Defendants"). Per the Motion, Defendants seek to stay this matter pending resolution of the 3M Combat Arms Ear Plug Products Liability Multi-District Litigation ("MDL") that is pending in the United States District Court for the Northern District of Florida. Plaintiff Thomas Stang opposes the stay.[2] Because the factors to be considered weigh in favor, a stay will be granted. This matter will be stayed and administratively closed.

### I. BACKGROUND

This is a legal malpractice suit. According to his Petition for Damages, Plaintiff retained Defendant the Ron Austin Law Firm to represent him in connection with the MDL in 2019. On July 26, 2019, the Austin Firm filed a complaint in the MDL on Plaintiff's behalf for injuries allegedly sustained from the use of 3M Combat Arms Ear Plugs during Plaintiff's military service. In this case, Plaintiff alleges a deadline to file a census form was missed in the MDL resulting in the dismissal of his case.[3] On March 23, 2023, Plaintiff filed this suit against Defendants in Louisiana state court, which was subsequently removed to this Court on March 28, 2023, based on diversity subject matter jurisdiction.[4]

---

[1] R. Doc. 30.
[2] R. Doc. 31.
[3] R. Doc. 1-1.
[4] R Doc. 1.

A scheduling conference was originally set for June 22, 2023.[5] The scheduling conference was continued twice—once at the parties' request due to a conflict, and once on the Court's own motion because all parties had not appeared.[6]  Because the Fed. R. Civ. Proc. 16 Status Report submitted by the parties included a statement by Defendants that "[b]ased on the provisions of LA. REV. STAT. § 9:5605.2, it would be premature and prejudicial to the Defendants to set any discovery or dispositive motion deadlines prior to the resolution of the CAEv2 MDL. This is because all Defendants have affirmatively pleaded that [Plaintiff Thomas] Stang's recovery is limited to that which he could recover in the underlying case, *e.g.*, the CAEv2 MDL," Defendants were ordered to file an appropriate motion if a stay of the proceedings was sought.[7]  Defendants timely filed the instant Motion.  No scheduling order has been entered in the case.

## II.    LAW AND ANALYSIS

Defendants argue that this Court should stay this case pending resolution of the MDL for efficiency because, if Plaintiff is successful on his malpractice claim, he would be limited by operation of La. R.S. § 9:5605.2[8] to the maximum amount of damages he could have collected in the underlying action—in this case, the MDL.  Defendants also argue that their collectability defense[9] cannot be resolved without resolution of the MDL because the manufacturer of the ear plugs at issue, Aearo Technologies, LLC ("Aearo"), may continue to pursue bankruptcy protection.[10]  Plaintiff argues that the outcome of the MDL has no bearing on the extent of his

---

[5] R. Doc. 6.
[6] R. Doc. 18 (continuing scheduling conference at the parties' request due to a conflict); R. Doc. 20 (continuing scheduling conference to August 17, 2023 because all parties had not appeared).
[7] R. Doc. 29.
[8] La. R.S. 9:5605.2 states: "In any action for damages by a client against an attorney, the client's recovery against the attorney shall be limited to the amount of damages which the attorney shows by a preponderance of the evidence would have been the maximum amount of damages that the client could have collected in the client's underlying action in which he was represented by the attorney.").
[9] R. Doc. 15, p. 8 (Ninth Affirmative Defense) and R. Doc. 16, p. 8 (Tenth Affirmative Defense)
[10] According to Defendants, the bankruptcy petition was dismissed but Aearo and its affiliated debtors appealed to the United States Court of Appeals for the Seventh Circuit.  The appeal was suspended pending implementation of the

recovery and that there is no issue of collectability from 3M, the parent company of Aearo Technologies.

The parties presented additional information at the video conference held with the Court on December 12, 2023, to wit: a $6 billion settlement has been reached in the MDL that would divide participants into categories. According to defense counsel, Plaintiff would be subject to Master Settlement Agreement 1 ("MSA 1") and the parties should know by mid-April 2024 whether the required participation level is met (98% of claimants in that category) for the settlement to be approved. Additionally, defense counsel advised that whether there is sufficient participation in MSA 1 also affects whether the bankruptcy of Aearo Technologies may be revived, which, in turn, affects the Defendants' collectability defense.[11]

The parties agree that the Court has the discretion to stay this case "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[12] When deciding whether to exercise its discretion, a court "must weigh competing interests and maintain an even balance."[13] A stay is appropriate when it serves the interests of judicial economy and efficiency.[14] Factors to consider include: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court."[15] These factors militate in favor of a stay. With no scheduling order

---

settlement agreement in the MDL. *See Aearo Technologies, LLC et al. v. Those Parties Listed on Appendix A, et al.*, No. 22-2606, R. Doc. 134. *See*, R Doc. 39, p. 2.

[11] R. Doc. 39-2, p. 2.
[12] *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).
[13] *Id.*
[14] *Poole v. Ethicon, Inc.*, No. 12-339, 2012 WL 868781, at *1 (S.D. Tex. March 13, 2012), citing *Hood ex rel. Miss. v. Microsoft Corp.*, 428 F.Supp.2d 537, 541 (S.D.Miss.2006) (citing 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3866, at 612 (3d ed. 1998 & Supp.2004)).
[15] *Xodus Medical, Inc. v. TGV Innovations LLC*, 2022 WL 591991 (E.D. La. Jan. 7, 2022), citing *Lawrence v. Jefferson Par. Pub. Defs.*, 20-1615, 2021 WL 6063253, at *2 & n.15 (E.D. La. Dec. 22, 2021).

3

entered, this case is in the early stages. A stay will simplify the issues remaining, particularly regarding Defendants' arguments about the maximum extent of damages Plaintiff may recover in this case and collectability.[16] A stay may also reduce the burden of litigation by providing the parties with additional information with which to evaluate Plaintiff's claim for resolution. Additionally, a short stay of a few additional months will not prejudice Plaintiff where defense counsel has represented that by mid-April, the parties should know whether the MDL settlement is likely to move forward. If resolution of the MDL settlement does not proceed on the represented timeline, the impact of a longer stay can be revisited. Accordingly,

**IT IS ORDERED** that the Joint Motion to Stay,[17] filed by all Defendants, is **GRANTED**. The Clerk of Court is instructed to **STAY AND ADMINISTRATIVELY CLOSE** this case.

**IT IS FURTHER ORDERED** that the parties shall confer and, by no later than **May 14, 2024,** they shall file a joint motion for entry of scheduling order, with a proposed scheduling order attached, if the parties agree the stay should be lifted; or, if Defendants believe good cause exists to extend the stay in this matter, Defendants shall file a motion to extend the stay. Plaintiff shall file a response to any request to extend the stay within the normal briefing delays under the Court's Local Civil Rules.

Signed in Baton Rouge, Louisiana, on January 11, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] La. R.S. 9:5604.2 was enacted by the Louisiana Legislature in 2022. The Court did not find any reported cases in state or federal court interpreting this relatively new statutory provision, however, the Louisiana Civil Law Treatise, § 18.6 states: "it is clear from the statute's provision that the malpracticing attorney must show 'by a preponderance of the evidence [what] would have been the maximum amount that the client could have collected in the client's underlying action" that 'uncollectibility' is an affirmative defense on which the malpracticing attorney bears the burden of proof." Plaintiff disagrees that the MDL settlement is the maximum recovery and argues that the plaintiffs in ten of the sixteen MDL bellwether trials obtained jury verdicts totaling $300 million in damages, which would be the maximum amount that Plaintiff could have recovered. R. Doc. 31, p. 4. This Ruling and Order does not pass on the merits of the parties' arguments, which will be decided when those issues are substantively before the Court.
[17] R. Doc. 30.